|  |  |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

LEROY HENRY JONES, §
§
       Petitioner, §
§
*versus* §   CIVIL ACTION NO. 1:17-CV-70
§
DALLAS JONES, WARDEN §
§
       Respondent. §

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Leroy Henry Jones, an inmate confined at FCC Beaumont Medium, proceeding *pro se*, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends the petition for writ of habeas corpus be denied.

The court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such referral, along with the record, and pleadings. Petitioner filed objections to the Magistrate Judge's Report and Recommendation. This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b).

Petitioner objects to the findings of the Magistrate Judge that there was some evidence to support the DHO's findings and that the findings of the DHO were not arbitrary and capricious. In addition, petitioner argues the definition of BOP Prohibited Act Code 203 is vague.

At the outset, it is important to note that petitioner concedes that all the *Wolff* factors were met during his disciplinary hearing. *Wolff v. McDonnell*, 418 U.S. 539 (1974). Furthermore, the underlying facts are not in dispute. During the relevant time period, petitioner became upset with Officer Gulickson, a Bureau of Prison ("BOP") staff member at FCI El Reno as he allegedly took several pictures of petitioner's granddaughter during a cell search. Petitioner later spoke to his son on the telephone about Officer Gulickson. During this conversation, petitioner's son said that he wanted to know Officer Gulickson's first name because he (the son) "might end up on [Officer Gulickson's] front porch." Petitioner told his son that he would provide him with Officer Gulickson's first name and that Officer Gulickson was the only staff member at FCI El Reno with that last name. A BOP staff member heard petitioner's phone call with his son through the use of the BOP's telephone monitoring system. Petitioner was subsequently found to have committed the prohibited act of threatening another with bodily harm (attempted/aid). Petitioner lost thirty (30) days of good conduct time as a result in addition to 45 days of disciplinary segregation and 90 days of loss of commissary, phone and visitation privileges. Report and Recommendation, pgs. 1-2 (docket entry no. 18).

Petitioner's words, as outlined above, can be reasonably interpreted as an attempt to aid or abet petitioner's son in threatening bodily harm on Officer Gulickson. As outlined by the DHO and the Magistrate Judge, these statements alone support the some evidence standard. Petitioner has simply not shown that the disciplinary findings were arbitrary or capricious. *See Kuttab v. Jeter*, 132 F. App'x 23 (5th Cir. 2005) (not designated for publication); *see also Stewart v. Thigpen*, 730 F.2d 1002, 1005 (5th Cir. 1984); *Martinez v. Young*, 653 F. App'x 835, 836 (5th Cir. 2016) (not designated for publication) (we need not undertake a de novo review of the DHO's

findings of fact and must consider only whether there are at least "some basis in fact" or a "modicum of evidence" to support the disciplinary conviction").

Petitioner's argument that the definition of Prohibited Act Code 203 is unconstitutionally vague similarly lacks merit. "It is a basic principle of due process that a law is void for vagueness if its prohibitions are not clearly defined." *Grayned v. City of Rockford*, 408 U.S. 104, 108 (1972). In the context of prison regulations, "[d]ue process undoubtedly requires certain minimal standards of specificity in prison regulations, but we reject the view that the degree of specificity required of such regulations is as strict in every instance as that required of ordinary criminal sanctions." *Meyers v. Aldredge*, 492 F.2d 296, 310 (3rd Cir. 1974). Thus, "vagueness principles must be applied in light of the legitimate needs of prison administration." *Id*. at 311. Because "legalistic wrangling" over the meaning or prison rules "may visibly undermine the [prison] administration's position of total authority," federal courts have deferred to the interpretation of those rules by prison authorities "unless fair notice was clearly lacking." *Hadden v. Howard*, 713 F.2d 1003, 1008 (3rd Cir. 1983) (quoting *Meyers*, 492 F.2d at 311)).

Prohibited Act Code 203 specifically and clearly prohibits threatening another with bodily harm. This is considered a high severity level offense. *See* Exhibit A Government's Response, Title 28 C.F.R. § 541.39(b)(2) (2013). Section 541.39(b) also states that "aiding, attempting, abetting, or making plans to commit any of the prohibited acts is treated the same as committing the act itself." *Id*. "In all categories of severity, aiding another person to commit any of these offenses, attempting to commit them, or making plans to commit them, is considered equivalent to committing the offense itself. In these cases, the letter "A" is combined with the offense code." *Id*. at Section 541.39(b)(5); BOP Program Statement 5270.09. The prohibition is clear and

petitioner's perverted interpretation that his son's statement, "I might end up on his front porch" could mean anything other than a potential threat of harm, in light of the context of their conversation, simply defies logic. The conduct plainly violates the unequivocal prohibition against threatening another with bodily harm and/or aiding and abetting an individual in threatening another with bodily harm.

**ORDER**

Accordingly, the objections of the plaintiff are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED.** A Final Judgment will be entered in accordance with the recommendations of the Magistrate Judge.

SIGNED at Beaumont, Texas, this 27th day of March, 2018.

_____
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE